UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA IRENE FERREIRA,

    Plaintiff,

v.                                                               Case No: 8:16-cv-2826-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff, Maria Irene Ferreira, seeks judicial review of the denial of her claims for a period of disability, disability insurance benefits, and supplemental security income. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## BACKGROUND

### A. Procedural Background

Plaintiff filed an application for a period of disability on May 27, 2013. (Tr. 86–98, 272–80, 291.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 135–36, 173–74.) Plaintiff then requested an administrative hearing. (Tr. 198.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 53–81.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 33–43.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–7.) Plaintiff then

timely filed a Complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**B.      Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1970, claimed disability beginning on April 1, 2013. (Tr. 137.) Plaintiff has a high school education. (Tr. 41.) Plaintiff's past relevant work experience included work as a medical secretary. (Tr. 41.) Plaintiff alleged disability due to cancer in her right eye, depression, anxiety, and complications from a bullet being lodged in her neck. (Tr. 69, 137.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since April 1, 2013, the alleged onset date. (Tr. 35.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: eye disorder resulting from melanoma, including vision impairment, macular edema, and pigment epithelial detachment; hypertension; depression; and anxiety. (Tr. 35.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 36.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work with the following additional limitations:

> [T]he claimant can only occasionally perform postural activities; must avoid all exposure to workplace hazards such as heights and machinery, and must avoid concentrated exposure to extreme temperatures, vibration, and environmental pollutants such as fumes, dust, gases and poor ventilation; the claimant cannot perform work requiring sharp visual acuity, visual depth perception, color vision, or visual accommodation; the claimant can also not perform work requiring driving, and cannot perform work requiring reading/writing/typing/logging/recording of information. Mentally, the claimant can understand and remember instructions, maintain concentration, pace and persistence, relate to other individuals, and adapt to work settings sufficiently to perform simple, routine work tasks consistent with unskilled work; the claimant can only have occasional social interaction with coworkers, supervisors, and the general public.

(Tr. 38.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully credible. (Tr. 39.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined that Plaintiff could not perform her past relevant work. (Tr. 41.) Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a small products assembler and an advertising materials distributor. (Tr. 42.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 42.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.

20 C.F.R. § 416.920(a).  Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience.  20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis,

mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff raises one issue on appeal: the ALJ erred at step five of the sequential process by relying on the VE's testimony because it was inconsistent with the *Dictionary of Occupational Titles* ("DOT"), and the DOT's companion volume, *The Selected Characteristics of Occupations Defined in the Dictionary of Occupational Titles* ("SCO"), and the VE did not provide a reasonable explanation for the inconsistency. (Dkt. 16.) Specifically, Plaintiff argues that, as defined by the SCO, the job of small products assembler requires frequent near visual acuity, depth perception, and accommodation and the job of advertising material distributor requires occasional near acuity. These requirements, Plaintiff argues, exceed the ALJ's RFC assessment prohibiting Plaintiff from performing "work requiring sharp visual acuity, visual depth perception, color vision, or visual accommodation" (Tr. 38). (*Id.* at 6.) Also, Plaintiff argues that both jobs require at least some reading and writing due to their language levels, which requirements exceed the ALJ's RFC assessment prohibiting Plaintiff from performing work "requiring reading/writing/typing/logging/recording of information" (Tr. 38). (*Id.* at 6–7.) Due to these inconsistencies, Plaintiff argues that the ALJ was required to elicit a reasonable explanation for the conflict from the VE before relying on the VE's testimony. (*Id.* at 7.)

The VE responded to a Vocational Interrogatory, as requested by the ALJ. (Tr. 337–52.) In response to the ALJ's hypothetical, the VE answered that such a hypothetical claimant could perform the jobs of a small products assembler and an advertising material distributor. (Tr. 348.)

As the final question of the Vocational Interrogatory, the ALJ asked the VE whether there were any conflicts between his answers and the information set forth in the DOT and the SCO, to which the VE responded, "No." (Tr. 352.)

Contrary to Plaintiff's argument, Eleventh Circuit precedent is clear that "even if there [is] a conflict between the DOT and the jobs identified by the vocational expert in response to the hypothetical question, the testimony of the vocational expert outweighs the DOT because the DOT is not the sole source of admissible information concerning jobs." *Chambers v. Comm'r of Soc. Sec.*, 662 F. App'x 869, 873 (11th Cir. 2016) (citing *Jones v. Apfel*, 190 F.3d 1224, 1230 (11th Cir. 1999)). Further, the Eleventh Circuit has rejected Plaintiff's argument that Social Security Ruling 00-4p requires the ALJ to obtain a reasonable explanation of any conflicts from the VE. (Dkt. 16 at 5.) The Eleventh Circuit has explained that Social Security Rulings are not binding on the courts and reiterated its holding in *Jones* that "[e]ven assuming that an inconsistency existed between the testimony of the vocational expert and the DOT, the ALJ did not err when, without first resolving the alleged conflict, he relied on the testimony of the vocational expert" because "[o]ur precedent establishes that the testimony of a vocational expert 'trumps' an inconsistent provision of the DOT in this Circuit." *Miller v. Comm'r of Soc. Sec.*, 246 F. App'x 660, 661–62 (11th Cir. 2007).

As Defendant argues (Dkt. 17 at 5), the ALJ's inquiry into whether there was a conflict (Tr. 352) suffices. *Garskof v. Astrue*, No. 507-CV-288-OC-GRJ, 2008 WL 4405050, at *5–6 (M.D. Fla. Sept. 26, 2008) (explaining that SSR 00-4p "only obligates the ALJ to ask the VE whether there is a conflict," and where "the VE has not identified any conflict with the DOT, the ALJ does not violate SSR 00-4p by relying upon the opinion of the VE-so long as the ALJ asked the VE to identify any conflicts-and the ALJ is not required independently to identify whether there is any inconsistency"); *Brijbag v. Astrue*, No. 8:06-CV-2356-T-MAP, 2008 WL 276038, at

*2 (M.D. Fla. Jan. 31, 2008) ("[T]he ALJ need not independently corroborate the VE's testimony and should be able to rely on such testimony where no apparent conflict exists with the DOT."). And, as Defendant points out (Dkt. 17 at 6), Plaintiff was given the opportunity to respond to the VE's testimony, elicit additional testimony, and request a supplemental hearing at which he could question the VE. (Tr. 353–54.)

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on January 26, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record